**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4231**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

VINCENT SINCLAIR,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:07-cr-00015-BO-1)

Submitted: March 25, 2009          Decided: April 30, 2009

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Sinclair pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute cocaine, conspiracy to kidnap, and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 1201(a)(1); 21 U.S.C. § 846 (2006). Sinclair was sentenced to a total of 413 months' imprisonment. Finding no error, we affirm.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the district court erred in denying the motion to withdraw the guilty plea and whether trial counsel provided ineffective assistance. Sinclair filed a pro se supplemental brief, and we grant his motion to amend the pro se brief, joining in counsel's assertions and additionally contending that: (1) his waiver of indictment failed to comply with Fed. R. Crim. P. 7; (2) the Fed. R. Crim. P. 11 hearing was inadequate; (3) his residence was searched in violation of the Fourth Amendment; (4) the district court erred in failing to inquire into counsel's conflict of interest; (5) his sentence is unreasonable because it is disparate to sentences received by other involved defendants; and (6) the § 924(c) offense was improperly predicated on the conspiracy to kidnap count.

2

Sinclair and appellate counsel initially question whether the district court erred in denying the motion to withdraw the guilty plea. A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant will be permitted to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

The district court's denial of a motion to withdraw the guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). We closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 hearing is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). We have reviewed the Rule 11 hearing and conclude that it was adequate. Moreover, because Sinclair has failed to overcome the presumption that his plea is

3

final and binding, we conclude the district court did not abuse its discretion in denying the motion to withdraw.

Sinclair and appellate counsel also contend that trial counsel provided ineffective assistance. An ineffective assistance of counsel claim generally is not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C.A. § 2255 (West Supp. 2008). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)). Because the record does not conclusively establish that counsel was ineffective, the claim is not cognizable on appeal.

We have carefully considered the additional claims raised in the pro se supplemental brief, as amended, in light of the applicable legal standards, and find the claims to be without merit. Further, in accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a

4

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED